# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:02CV461

| | |
|---|---|
| MOSAB HOIDINK EL BEY,  )<br>      Plaintiff  )<br>vs.  )<br>  )<br>T.R. STAMP, CELEBRATION STATION and  )<br>WHITECO INDUSTRIAL INC.,  )<br>      Defendants.  )<br>  ) | __ORDER__ |

**THIS MATTER IS BEFORE THE COURT** on the following groups of motions: (i) the "Defendant's Motion to Compel" (Document No. 92), filed September 14, 2005 by Celebration Station, a division of Whiteco Industries, Inc. ("Celebration Station"); the "Notice of Supplemental Authority ..." (Document No. 93), filed October 4, 2005 by Celebration Station; the "Plaintiff's Motion to Dismiss Defendant's Motion to Compel" (Document No. 94), filed October 5, 2005 by Mosab Hoidink El Bey ("El Bey"); the "Defendant's Response (Reply) to Plaintiff's Motion to Dismiss ..." (Document No. 96), filed October 20, 2005 by Celebration Station; and the "Plaintiff Response to Defendant's Response (Reply) ..." (Document No. 102), filed November 1, 2005 by El Bey; and (ii) the "Plaintiff's Motion to Compel" (Document No. 95), filed October 5, 2005 by El Bey; and the "Defendant's Response to Plaintiff's Motion to Compel" (Document No. 96), filed October 20, 2005 by Celebration Station. For the reasons set forth below, the undersigned will grant the "Defendant's Motion to Compel" (Document No. 92) and deny the "Plaintiff's Motion to Compel" (Document No. 96).

## I. LEGAL ANALYSIS

### Defendant's Motion to Compel

In the Defendant's Motion to Compel, Celebration Station alleges that El Bey failed to provide initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure by September 9, 2005 – the deadline imposed by this Court in an Order, dated August 22, 2005 (Document No. 87) – and that she failed to provide complete answers to the "Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents to Plaintiff" ("First Discovery Requests") served upon her by Celebration Station. By way of response, El Bey appears to claim that certain information is "confidential," although she does not specify what information is confidential, much less in what manner such information should be considered confidential. She also appears to complain that the envelopes in which certain documents were sent to her were not addressed in the manner in which she prefers. It is apparent, however, by El Bey's notations on the envelope copies attached to her response that she did indeed receive the envelopes. El Bey also states that she did "provide to Celebration Station the information set forth in Rule 26 ...."

After careful review of the First Discovery Requests and the responses provided by El Bey, the Court concludes that the responses to the First Discovery Requests are incomplete and must be supplemented. The Court further finds that El Bey has not complied with the requirements of Rule 26. Rather than provide the information set forth in Rule 26, it appears that El Bey simply provided Celebration Station with a copy of that rule. Accordingly, the Court will grant the Defendant's Motion to Compel and require El Bey to provide within twenty days of the entry of this Order (i) full and complete responses to the First Discovery Requests and (ii) initial disclosures pursuant to Rule 26. The Court further notes that El Bey will not be permitted to call witnesses at trial or offer

evidence at any later point in this action beyond that which is provided and produced to Celebration Station in discovery, assuming, of course, that Celebration Station has made an appropriate discovery request regarding such witness or evidence.

Pursuant to Rule 37(a)(4)(A), the Court will also require El Bey to pay Celebration Station's reasonable expenses incurred in making the motion. Within ten days of the entry of this Order, Celebration Station should provide the Court with sufficient information upon which to enter such award.

The undersigned specifically cautions El Bey that any further failure to respond fully to the First Discovery Requests, to provide initial disclosures under Rule 26, or to otherwise respond to Celebration Station's reasonable discovery requests, this Court's Orders, the Local Rules, or the Rules of Civil Procedure will result in the imposition of further sanctions. **Such sanctions may include dismissal of this lawsuit with prejudice , as well as payment by El Bey of Celebration Station's expenses, including reasonable attorney fees.**.[1]

### Plaintiff's Motion to Compel

In the Plaintiff's Motion to Compel, El Bey again complains that an envelope sent to her by Celebration Station was improperly addressed and asks for sanctions against Celebration Station. Her position is meritless. The Court never ordered that a particular address be used by Celebration Station for service on El Bey, but instead noted an address at which El Bey said that she would accept service. It is apparent that El Bey did receive the envelope and service was accomplished.

---

[1]The Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow prior to dismissing the action. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Furthermore, Celebration Station's address form was sufficient both for the United States Postal Service to process the letter and for El Bey to receive it. According, the Court will deny the Plaintiff's Motion to Compel.

## II. ORDER

**IT IS, THEREFORE, ORDERED** that the "Defendant's Motion to Compel" (Document No. 92) is **GRANTED**. Within twenty days of the entry of this Order, El Bey must provide to Celebration Station (i) full and complete responses to the First Discovery Requests and (ii) initial disclosures pursuant to Rule 26. Within ten days of the entry of this Order, Celebration Station must provide to the Court sufficient information upon which to base an award of expenses incurred in bringing the "Defendant's Motion to Compel."

**IT IS FURTHER ORDERED** that the "Plaintiff's Motion to Compel" is **DENIED**.

**Signed: November 14, 2005**

_____
David C. Keesler
United States Magistrate Judge