UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02cv461

| MOSAB HOIDINK EL BEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| | ) | |
| OFFICER T.R. STAMP and | ) | |
| CELEBRATION STATION, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On August 7, 2006, this Court ordered Plaintiff Mosab Hoidink El Bey to show cause why her Complaint against Defendant T.R. Stamp should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) since Ms. Hoidink had failed to accomplish service of process upon Stamp, according to either the Federal Rules of Civil Procedure or the North Carolina Rules of Procedure, within 120 days of filing of the complaint. (Doc. No. 139). Ms. Hoidink filed her complaint on November 4, 2004, and as of August 7, 2006 had never served Stamp despite, at the very least, having received constructive notice that service of process was never effected.

Ms. Hoidink responded to the Court's Order on August 28, 2006. (Doc. No. 140). In her response, Ms. Hoidink neither explains why Stamp was never served, nor requests an extension of the service of process deadline. Rather, she simply contends that dismissal is inappropriate since "[p]laintiff has responded to this request once before, this order is not forcible because it was not lawfully signed, therefore, it is null and void."

1

ANALYSIS

The plaintiff bears the responsibility for service of process on the defendant. See Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995). If service of the summons and complaint is not made upon a defendant within the appropriate time-frame, Federal Rule of Civil Procedure Rule 4(m) provides that:

> [T]he court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In determining whether to grant a "good cause" extension of the service period, federal courts generally have required that a plaintiff demonstrate a good faith effort to effectuate service within the statutory period and provide a reasonable justification for not having served process within the time limits. Simple inadvertence or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985) (interpreting "good cause" requirement of Rule 4(j)) (quoting 10 Wright & Miller, Federal Practice & Procedure § 1165 (2d ed. 1983)). Measured by these standards, it is clear Ms. Hoidink has failed to meet her burden in demonstrating good cause. First, the Court notes that Ms. Hodink is mistaken: there is nothing in the record indicating that she has explained why Stamp was never served, and the Order was signed on page four by the undersigned. Second, even if given the benefit of the doubt afforded to pro se litigants, any "good cause" plausibly asserted by Ms. Hoidink would be nothing more than inadvertence or basic neglect, which do not amount to "good cause" under Rule 4(m).

Once the Court finds that a plaintiff has not shown good cause for the failure to serve a defendant, it is within its discretion to either dismiss the case pursuant to Rule 4(m) or extend the time period for service. See Henderson v. United States, 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) ("courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.' ") (citations omitted). Here, Ms. Hoidink has given the Court no reason to exercise its discretion to extend the time period for service of process, and therefore it will dismiss her Complaint against Officer Stamp pursuant to Rule 4(m).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Mosab Hoidink El Bey's Complaint against Defendant T.R. Stamp is **DISMISSED WITHOUT PREJUDICE**.

Signed: September 27, 2006

Robert J. Conrad, Jr.
Chief United States District Judge