UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02CV461

| MOSAB HOIDINK EL BEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CELEBRATION STATION, et al, | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action for declaratory, monetary and punitive relief brought pursuant to 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 241 and 242. Pro se Plaintiff Mosab Hoidink El Bey contends that Defendants Celebration Station and its parent company Whiteco Industrial Inc. are responsible for the serious injuries and several violations of her constitutional rights that allegedly occurred when T.R. Stamp, an alleged off-duty police officer working as a security guard at Celebration Station, forcibly and violently removed her from Celebration Station's premises. Jurisdiction is present under 28 U.S.C. § 1331.

Presently before the Court is the defendants' motion for summary judgment, which the Court grants in its entirety. The plaintiff's Section 1983 action fails because there is no evidence that the alleged constitutional violations resulted from an official policy or custom of Celebration Station. Her section 1985 action fails because there is no evidence of a conspiracy or a discriminatory animus related to the alleged violations. And her claims pursuant to 18 U.S.C. §§ 241 and 242 fail as no private right of action inheres in these criminal provisions. The reasons for the Court's decision follows, beginning with the following facts the Court finds to be material and undisputed.

1

FINDINGS OF FACT

On August 4, 2001, T.R. Stamp, apparently an off-duty police officer, was working as a security guard at Celebration Station. Mosab Hoidink El Bey and several family members were there celebrating a birthday. At some point, the "Go Car" attendant asked Ms. Hoidink's nephews to leave the ride for their alleged misbehavior, which prompted a loud discussion (because of the noise, she alleges) between Ms. Hoidink and the attendant. It was at this point that Stamp approached Ms. Hoidink and asked her to leave Celebration Station. She refused, and turned her back to him. Stamp then allegedly seized her without explanation, and, over the protests of Ms. Hoidink's cousin and nephews, forcibly and violently removed her from Celebration Station.[1] She later was taken to the hospital where she filed a police report. Ms. Hoidink subsequently filed the instant complaint a year later, in November 2002.

PROCEDURAL HISTORY

Because the plaintiff is proceeding pro se, the Court will construe her pleadings liberally and address any questions squarely presented. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387, 391 (4th Cir. 1990).

Despite its ambiguities, Ms. Hoidink's complaint reasonably can be read to claims that the alleged misconduct of Officer Stamp violated her rights protected by the First, Fourth, Fifth, Sixth, and Eighth Amendments of the Constitution, and to seek relief against the defendants pursuant to

---

[1] Ms. Hoidink specifically alleges that Stamp: (1) "grabbed me by my neck and started chocking [sic] me;" (2) "though [sic] me to the ground and started kicking me;" (3) "kneed me in the back;" (4) "place[d] handcuff[s] on me;" (5) "kicked and began searching me"; (6) punch[ed] me in the left side of my ribs;" (7) "slammed my head on the roof of [a] car." (Doc. No. 1: Complaint).

the following: (1) 42 U.S.C. § 1983, as "the employer, master and supervisor" of Officer Stamp, and for their failure to properly train and supervise Stamp;  (2) 42 U.S.C. § 1985, for conspiring to violate the plaintiff's civil rights; and (3) 18 U.S.C. §§ 241 and 242 for willfully depriving the plaintiff of her constitutional rights or to become involved in a conspiracy to do so. (Doc. No. 1: Plaintiff's Complaint, ¶¶ 1 and 3).[2]

Other than filing her complaint amending it to include Whiteco, the plaintiff has made little effort to prosecute her case according to the Federal Rules of Civil Procedure. She has chosen to not conduct discovery, and has stonewalled the defendant's attempts to do so. Instead, she has filed assorted motions for, *inter alia*, default judgment (Doc. Nos. 15, 25, 33), sanctions (Doc. Nos. 65, 71), and disqualification of various judicial officials (Doc. Nos. 20, 98, 103). All were summarily denied. While pro se litigants are afforded some latitude when it comes to technical procedural requirements, the Court expects them to follow the same rules of evidence and procedure as is required by those who are authorized to practice law. Participating in the discovery process without making frivolous objections and in the time-frame that the Court provides is not complex nor does it require a sophisticated understanding of the law. Thus, pursuant to Rule 26 of the Federal Rules of Civil Procedure this Court confined the plaintiff to the evidence attached to her Complaint (photographs purporting to show injuries that resulted from Stamp's abuse; three affidavits signed by persons alleging to have witnessed the incident-at-issue; and an affidavit from a chiropractor who examined Ms. Hoidink in 2005), and prohibited the plaintiff from calling witnesses at trial and from

---

[2]The plaintiff also cited 42 U.S.C. §1988. Section 1988, however, is known most commonly for its attorney fees provision, § 1988(b), which authorizes courts to award attorney fees to prevailing parties in civil rights lawsuits. It does not create or protect any right and does not establish a cause of action for the deprivation of any right protected by federal law. While the plaintiff may have cited § 1988 to preserve a claim for attorney fees, in the interest of clarity, the Court will state specifically that the plaintiff's allegations do not state a claim under § 1988.

offering evidence at any later point in this action beyond that which is provided and produced to Celebration Station in discovery. (The plaintiff also was fined $2,000 for her dilatory conduct.) (Doc. No. 108). To the extent that the plaintiff has requested a reconsideration of that order (Doc. 112), that request is denied. Discovery is now closed, the defendants have moved for summary judgment as to all claims, and the plaintiff has responded.

ANALYSIS

Summary judgment is appropriate where the Court determines that there is no genuine issue of material fact to be tried and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In making that determination, the Court must be certain the record does not reveal any factual dispute, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The lenity given pro se pleadings notwithstanding, it is not the Court's job to formulate arguments or to hunt down the pertinent materials: It is the plaintiff's responsibility to provide a record. Measured by these standards, the defendants are entitled to summary judgment as to each of the plaintiff's claims.

    1.    <u>42 U.S.C. §1983</u>

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that she was deprived of a constitutional right and that a person acting under color of state law deprived her of such right. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). Celebration Station is a private corporation. Officer Stamp appears to be an off-duty police officer

hired from a third-party as a security guard. While the Fourth Circuit has not directly held that private corporations employing off-duty police officers as security guards are state actors, it has suggested that there may be circumstances under which a private corporation could be liable under § 1983 for the actions of a police officer hired as a security guard. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999); Rodriguez v. Smithfield Packing Co., Inc., 338 F.3d 348, 356 (4th Cir. 2003). Given the scarce record in the instant case, the Court will assume without deciding that the plaintiff has met the state actor requirement. It also finds that Stamp's alleged misconduct amounts to a deprivation of Ms. Hodink's constitutional rights.

The Court notes, however, that the mere fact that Celebration Station employed Stamp does not make it liable under Section 1983. See Paramount Parks, Inc., 195 F.3d at 728 (corporations that employ off-duty officers "are not liable under § 1983 for torts committed by the officer when such liability is predicated solely upon a theory of respondeat superior."); Smithfield Packing Co., 338 F.3d at 355 (same). Thus, the plaintiff's complaint against the defendants as the " master and supervisor" of Officer Stamp fails as a matter of law. Rather, when a private corporation's Section 1983 liability depends on the plaintiff's ability to show that the alleged constitutional violation is the result of the corporation's policy, practice, or custom. Id. ("While 'official policy' often refers to formal rules or understandings corporate liability may also be imposed for a single decision by [corporate] policymakers under appropriate circumstances."). In the instant case, other than vague, conclusory reference to the "policy or customs" of Celebration Station, the plaintiff does not allege, nor does the record reflect, a policy or custom by the corporation to conduct improper arrests or to use excessive force in conducting an arrest, or to effectuate any of the alleged constitutional violations the plaintiff asserts. Nor is there evidence of an obligation to train Officer Stamp.

(Indeed, the presumption is that when a off-duty officer acting as a security guard arrests an individual, state policies and training would be guiding the exercise of that authority, at least in the absence of evidence that the defendants sought to supplant state policies or training procedures with policies of its own.) These deficiencies are fatal to the plaintiff's Section 1983 claims.

2. 42 U.S.C. §1985

The only portions of Section 1985 that the plaintiff could conceivably invoke are the second clauses of § 1985(2) or § 1985(3), which cover general equal protection violations, both of which require proof of a racial or otherwise class-based discriminatory animus behind the defendant's actions. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The plaintiff did not allege, nor does the record reflect, any facts suggesting that actions were taken against her because of her race or class. Moreover, to state a claim under § 1985, the plaintiff would have to allege facts suggesting that a conspiracy occurred. (A conspiracy under Section 1985 requires two or more individuals acting in concert to deprive petitioner of her rights.) Here, there is no evidence suggesting that two or more persons acted in concert to deprive the plaintiff of her rights. Therefore, summary judgment is appropriate as to the plaintiff's Section 1985 claims.

3. 18 U.S.C. §§ 241 & 242

The plaintiff also seeks relief under 18 U.S.C. §§ 241, 242 – essentially the criminal analogue of 42 U.S.C. § 1983 – which make it a crime to willfully deprive someone of his constitutional rights or to become involved in a conspiracy to do so. These provisions, however, do not give rise to a civil action for damages, and neither the plaintiff nor this Court has the authority to issue a criminal complaint. Maine v. Taylor, 477 U.S. 131, 136, 106 S.Ct. 2440, 2446, 91 L.Ed.2d 110 (1986). Therefore, summary judgment is appropriate as to these claims as well.

CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 124) be **GRANTED** in its entirety and Plaintiff's case against Defendants be **DISMISSED WITH PREJUDICE**. Furthermore, all of Plaintiff's outstanding motions shall be **DENIED AS MOOT**.

Signed: September 28, 2006

Robert J. Conrad, Jr.
Chief United States District Judge